```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


DIRECTBUY, INC.,                  )
                                  )
          Plaintiff               )
                                  )
          v.                      )    Case No. 2:09 cv 84
                                  )
NEXT LEVEL MARKETING, INC.,       )
KARUNA TALWAR, GURMEET W.         )
TALWAR, PARKASH TALWAR,           )
SUKPREET TALWAR,                  )
                                  )
          Defendants              )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Quash Service of Process as to Defendant Gurmeet Talwar [DE 29] filed by the defendant, Gurmeet Talwar, on July 15, 2010; the Motion for Leave to File Answer and Affirmative Defenses to Amend Complaint to be Filed by Parkash Talwar [DE 30] filed by the defendant, Parkash Talwar, on July 15, 2010; and the Motion to Strike Parkash Talwar's Motion for Leave to Answer and Gurmeet Talwar's Motion to Quash [DE 34] filed by the plaintiff, Direct-Buy, Inc., on July 27, 2010.  For the following reasons, the Motion to Quash Service of Process as to Defendant Gurmeet Talwar [DE 29] is GRANTED, the Motion for Leave to File Answer and Affirmative Defenses to Amend Complaint to be Filed by Parkash Talwar [DE 30] is DENIED, and the Motion to Strike Parkash Talwar's Motion for Leave to Answer and Gurmeet Talwar's Motion

to Quash [DE 34] is GRANTED IN PART and DENIED IN PART. The court STRIKES the Affidavit of Service [DE 18] and Parkash Talwar's Motion for Leave to Answer [DE 30].

The plaintiff, DirectBuy, Inc., filed a proof of service of process on Gurmeet Talwar showing that service was made on his father at 364 E. Yorkfield Ave. Elmhurst, Illinois. At the time of the purported service, October 16, 2009, Gurmeet did not reside at that address. Gurmeet was aware of the pending litigation, as indicated by his attorney in a letter sent to DirectBuy's attorney dated April 20, 2010. On July 15, 2010, Gurmeet's attorney filed a notice of appearance and motion to quash service.

DirectBuy attempted to effectuate service pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) or 4(e)(1). Rule 4(e)(2)(B) provides that service can be accomplished by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there". Rule 4(e)(1) allows service by a method permitted under state law. The relevant Illinois rule on service, 735 ILCS 5/2-203(a)(2), states that service can be made "by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons,

provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode."  Because Gurmeet did not reside at the residence where DirectBuy served its summons, DirectBuy failed to comply with either Rule Rule 4(e)(2)(B) or 735 ILCS 5/2-203(a).  See Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 303 (7th Cir. 1991)(service to incorrect mailing address did not comply with Rule 4); In re Cappuccilli, 193 B.R. 483, 486-87 (N.D. Ill. 1996)(holding that service to debtor's previous address was ineffective).

The court cannot make its own rule for authorizing service of a summons, and because the present rules do not permit service on a relative at a separate abode from the defendant, service was not properly made.  See Omni Capital International v. Rudolf Wolff & Company, Ltd., 484 U.S. 97, 109, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Congress has been acting on the assumption that federal courts cannot add to the scope of service of summons Congress has authorized"); Mid-Continent Wood Products, 936 F.2d at 300.  The mere fact that Gurmeet had knowledge of the lawsuit is not sufficient to overcome DirectBuy's failure to comply with the rules for service of process.  Mid-Continent Wood Products, 936 F.2d at 301 (finding that even though the defendant had

knowledge of the suit, as established by the settlement discussions between the parties' attorneys, service was insufficient and the court lacked jurisdiction); Way v. Mueller Brass Company, 840 F.2d 303, 306 (5th Cir. 1988)("defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."). Although technical failures may be excused, serving the summons at a location where the defendant did not reside is not a mere technicality. See Mid-Continent Wood Products, 936 F.2d at 302 (discussing that substantial compliance prevents a party from challenging service that is defective because of a technical error); Claus v. Mize, 317 F.3d 725, 728 (7th Cir. 2003) (serving papers at a business where the defendant does not work is not a mere technicality).

The defendant does not submit to the court's jurisdiction if the service is inadequate. Mid-Continent Wood Products, 936 F.2d at 301 (finding that knowledge of suit did not confer personal jurisdiction over the defendant absent valid service of process); Claus, 317 F.3d at 727-729; Cappuccilli, 193 B.R. at 488. And, a single appearance by Gurmeet's attorney, filed the same day that he challenged service of process, was not a waiver of personal jurisdiction. See Ellis v. Welch, 1994 WL 87387, *7 (N.D. Ill. 1994)(finding that the defendant did not submit to the court's jurisdiction when his attorney entered a general appearance and

filed a motion to challenge the service of process the same day). Because the court does not have personal jurisdiction over Gurmeet, his motion to quash service is GRANTED, and DirectBuy's motion to strike Gurmeet Talwar's motion to quash is DENIED. The court STRIKES the Affidavit of Service as to Gurmeet Talwar [DE 18].

Parkash Talwar was served with his summons and answered DirectBuy's first complaint. On December 1, 2009, DirectBuy filed its amended complaint, to which Parkash has yet to respond. On July 15, 2010, Parkash filed a motion for leave to answer DirectBuy's amended complaint. Parkash's motion said in its entirety, "Defendant, Parkash Talwar, by his attorneys Bullaro & Carton, P.C., respectfully requests that this Honorable Court grant leave to Defendant, Parkash Talwar, to file his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, instanter." DirectBuy challenges the sufficiency of this motion and moves to strike it.

Federal Rule of Civil Procedure 15(a) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." See also Range v. Brubaker, 2008 WL 474211, *2 (N.D. Ind. 2008) (discussing the

time period to file a response to an amended complaint). Direct-Buy filed its Amended Complaint on December 1, 2009, rendering Parkash's response due on or before December 11, 2009. Parkash's counsel did not file an Amended Answer or move for an extension of time prior to the deadline to file a response.

Federal Rule of Civil Procedure 6(b) states that the court "for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit [an] act to be done where the failure to act was the result of excusable neglect." Counsel must meet the standard for excusable neglect, a two-pronged inquiry:

> First, the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second the moving party must establish that his failure to act was excusable. Whether a case of neglect was excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.
>
> Zingerman v. Freeman Decorating Co., 99 Fed.Appx 70, 72 (7th Cir.2004) (citing and quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993))

See also Jovanovic v. In-Sink-Erator Division of Emerson Electric Co., 201 F.3d 894 (7th Cir. 2000) (applying Pioneer factors and finding failure to timely file motion requesting extension did not meet standard for excusable neglect). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigation." Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) (citing Castro v. Board of Education, 214 F.3d 932, 934 (7th Cir. 2000); Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 359-60 (7th Cir. 1997) (internal quotes and cites omitted). See also In re Plunkett, 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a deadline because of slumber is fatal."). An attorney hanging his hat on excusable neglect must make a showing or argument convincing the court of his good faith failure to meet a deadline. Russell v. City of Milwaukee, 338 F.3d 662, 668 (7th Cir. 2003).

After DirectBuy responded to Parkash's original motion, Parkash supplemented his motion with a memorandum. In his memorandum, Parkash argues that his failure to answer constituted excusable neglect because it was unclear whether Bullaro & Carton would continue representation and that Bullaro & Carton informed DirectBuy's attorney of the confusion. Because Parkash's memo-

7

randum was filed after DirectBuy's response, the court construes his memorandum as a reply.

To begin, a party must raise every argument in his initial motion to allow the other side a reasonable opportunity to respond. Gamesa Eolica, S.A. v. General Elec. Co., 2005 WL 318854, *2 (W.D. Wis. 2005)("[A]rguments raised for the first time in reply brief are considered waived")(citing Carter v. Tenneant Co., 383 F.3d 673, 679 (7th Cir. 2004)). He cannot raise new arguments in his reply. Id. Under Rule 6, Parkash was required to show excusable neglect for leave to file a late response. In his original motion for leave, Parkash failed to comply with Rule 6 and did not offer any explanation for his failure to answer within the ten days. Because Parkash cannot raise new arguments in his reply, his subsequent justifications for delay provided in his memorandum are deemed waived. Therefore, Parkash has not provided any justification for his actions and failed to satisfy Rule 6, and his motion must be DENIED.

Even if the court were to consider Parkash's justifications for failing to answer DirectBuy's Amended Complaint as set forth in his memorandum, he would not succeed. By its own admission, Bullaro & Carton was aware of the time constraints imposed by Rule 15 and ignored the deadline. (Deft. Memo. in Supp. p. 1) ("Thereafter, counsel for Parkash Talwar exchanged telephone

calls and messages, spanning over several weeks, concerning the fact that the representation situation was unsettled as an explanation as to why Parkash Talwar had not yet answered."). Bullaro & Carton do not argue that they were released as Parkash's counsel at any time, so they had a continuing duty to represent their client. They have not provided any reason why they could not have requested an extension within the deadline pending the resolution of the confusion over representation. Their failure to comply was not due to carelessness or misinterpretation of the rules. See In Matter of Plunkett, 82 F.3d 738, 742 (7th Cir. 1996)(finding that it was not excusable neglect to allow the party to amend its proof of claim where the attorney notified the court of its security interest and failed to take further action because the attorney's inaction was not based on any interpretation or plausible misinterpretation of the laws). Rather, Bullaro & Carton chose to ignore Rule 15. Rule 6 forgives parties and grants leave to amend for carelessness, not for a blatant disregard for the rules.

 As an additional argument, Parkash has stated:

> In the interests of efficiency so as to save
> a billable event for the client, the good
> faith intent was to file the Motion for Leave
> to coincide with the initial hearing when all
> attorneys would already be present. As noted
> by Plaintiff, the date was extended as a
> professional courtesy to Plaintiff's counsel,
> and an additional time at the Court's re-

9

>               quest. Thus, the Motion for Leave was filed
>               to coincide with the initial hearing before
>               the Court.
>
>       (Deft. Memo. in Supp. p. 2)

This reflects a misunderstanding of how the Northern District of Indiana operates when compared to the Northern District of Illinois. In this district, the judges do not have motion calls where attorneys can appear and file pleadings. Consistent with Local Rule 7.1, motions must be filed along with any supporting brief. As a general rule, motions are resolved based upon the pleadings and without a hearing. Presenting a motion at a Rule 16 conference does not comply with the Local Rules. Therefore, Bullaro & Carton's intentional disregard does not constitute excusable neglect and Parkash's motion for leave to amend is DENIED, and DirectBuy's Motion to strike Parkash Talwar's motion for leave to amend is GRANTED.

_____

Based on the foregoing, the Motion to Quash Service of Process as to Defendant Gurmeet Talwar [DE 29] filed by the defendant, Gurmeet Talwar, on July 15, 2010, is GRANTED; the Motion for Leave to File Answer and Affirmative Defenses to Amend Complaint to be Filed by Parkash Talwar [DE 30] filed by the defendant, Parkash Talwar, on July 15, 2010, is DENIED; and the Motion to Strike Parkash Talwar's Motion for Leave to Answer and

10

Gurmeet Talwar's Motion to Quash [DE 34] filed by the plaintiff, DirectBuy, Inc., on July 27, 2010, is GRANTED IN PART and DENIED IN PART. The court STRIKES the Affidavit of Service [DE 18] and Parkash Talwar's Motion for Leave to Answer [DE 30].

ENTERED this 28th day of October, 2010

                                          s/ Andrew P. Rodovich
                                             United States Magistrate Judge