```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

DIRECTBUY, INC.,                )
                                )
         Plaintiff              )
                                )
         v.                     )    Case No. 2:09 cv 84
                                )
NEXT LEVEL MARKETING, INC.,     )
KARUNA TALWAR, GURMEET W.       )
TALWAR, PARKASH TALWAR,         )
SUKPREET TALWAR,                )
                                )
         Defendants             )

## OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 21, the defendants, Next Level Marketing, Karuna Talwar, and Sukpreet Talwar, are ORDERED SEVERED from the remaining parties.

## Background

This case arises from a contract dispute between DirectBuy and the defendant franchisees, Karuna Talwar and Gurmeet Talwar, their assignee, Next Level Marketing, the director and owner of Next Level Marketing, Sukpreet Talwar, and Parkash Talwar, who made a personal guaranty to DirectBuy. Gurmeet and Sukpreet's summons were returned executed on October 16, 2009, and March 28, 2010, respectively, but neither defendant filed an answer to the complaint. On July 15, 2010, Gurmeet moved to quash the summons because it was not served on him, and the court granted his motion. That same day, Parkash Talwar filed a motion for leave

to file his Answer and Affirmative Defenses, but the court denied this request. Although an affidavit of service of the summons was filed with respect to the remaining defendants, they have not answered the complaint or otherwise responded, prompting Direct-Buy to file a motion for default judgment against all the defendants. Gurmeet and Sukpreet Talwar consented to have this case heard by the magistrate judge, but Next Level Marketing, Karuna Talwar, and Sukpreet Talwar have not.

## Discussion

Under 28 U.S.C. §636(c), a civil case can be assigned to a magistrate judge for all purposes including the entry of judgment:

> Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .

The final judgment entered by the magistrate judge is not subject to further review by the district judge, and under Section 636(c)(3), the judgment must be appealed to the Court of Appeals.

Section 636(c) has been interpreted to require the consent of all of the parties. In Mark I, Inc. v. Gruber, 38 F.3d 369 (7th Cir. 1994), the plaintiff filed a complaint against a corporate defendant. When the defendant corporation went out of

business, the plaintiff filed an amended complaint which named the two shareholders of the defunct corporation. One of the shareholders filed bankruptcy, and the case proceeded to trial against the remaining shareholder. After the original complaint was filed, both parties executed consent forms, and the case was assigned to a magistrate judge. However, consent forms were not sent to the individual defendants after the amended complaint was filed. Therefore, the magistrate judge entered a judgment against a defendant who had not executed a consent form. The Court of Appeals concluded that the magistrate judge lacked the authority to enter a final judgment:

> The need for unanimous consent sets a trap that may be sprung when parties join the case after the litigants have opted for decision by a magistrate judge. For then the newly arrived party may assume that the original choice is conclusive; or everyone may overlook the problem. But the original choice is not dispositive. Unless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught.
>
> 38 F.3d at 370

See also Williams v. General Electric Capital Auto Lease, Inc., 159 F.3d 266, 268 (7th Cir. 1998); Caprera v. Jacobs, 790 F.2d 442, 445 (7th Cir. 1986). See also Murret v. City of Kenner, 894 F.2d 693, 695 (5th Cir. 1990). But compare Manley v. City of Chicago, 236 F.3d 392, 395 (7th Cir. 2001) (where a defendant had not been served and both the time for service under Federal Rule

of Civil Procedure 4(m) and the statute of limitations had expired, it was held that the judgment was final for purposes of appeal; the Court of Appeals did not discuss the fact that a magistrate judge had entered a judgment which affected only the consenting parties).

The full consent requirement is tested when either an amended complaint is filed adding new parties or when one of the defendants does not participate in the lawsuit.

> Particularly vexing problems regarding consent can arise when additional parties are added to the litigation after the original parties have consented to trial before the magistrate judge. In this situation, the need to obtain formal consents from the added parties may be a "boobytrap" for the unwary. If consents are not obtained, these added parties, like others who have not consented, retain the option of nullifying any resulting judgment on the ground that they never consented. . . . Similar results occur when intervenors do not consent. The same consequences do not follow, however, from the failure to consent of parties substituted pursuant to Rule 25, unserved defendants, nonparties who are not necessary under Rule 19, or parties to consolidated actions. (emphasis added and footnotes omitted)
>
> Wright, Miller & Marcus, Federal Practice and Procedure: 2d §3071.2, pp. 408-09

The proposition that the judgment could not affect the nonconsenting parties was repeated by the commentators in another section:

> An area of special difficulty arises where developments in the case involve additional parties after initial reference to the magistrate judge by consent. As noted in another section, the magistrate judge's action can affect the rights of such additional parties only after they also consent. If they do not, the magistrate may not take any actions affecting their interests. (emphasis added and footnotes omitted)
>
> Wright, Miller & Marcus, Federal Practice and Procedure: 2d §3072, p. 414

In EEOC v. West Louisiana Health Services, Inc., 959 F.2d 1277 (5th Cir. 1992), the Court of Appeals followed the approach suggested in Wright & Miller. In that case, separate lawsuits were filed based upon related claims of discrimination. The defendant consented to the magistrate judge in both cases, but only one of the plaintiffs filed a consent form. The cases were consolidated for trial before the magistrate judge, and judgment was entered in favor of the defendant in both cases. On appeal, the Fifth Circuit held that the magistrate judge did not have jurisdiction to hear the case involving the nonconsenting plaintiff. The Court of Appeals reversed the judgment against the nonconsenting plaintiff, but it affirmed the judgment against the plaintiff who had consented. West Louisiana Health Services, 959 F.2d at 1279-80.

The requirement of full consent only applies to parties to the litigation. In Neals v. Norwood, 59 F.3d 530 (5th Cir.

5

1995), a pro se prisoner filed a Section 1983 proceeding and consented to the magistrate judge. Before the defendants were served, the magistrate judge held a hearing and dismissed the complaint as frivolous. On appeal, the Fifth Circuit affirmed the dismissal. Because the magistrate judge dismissed the case before the defendants were served with the summons, the Court of Appeals held that they were not parties to the lawsuit and their consents were not required to confer jurisdiction on the magistrate judge. Neals, 59 F.3d at 532. See also JC Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir. 1994) (where all of the parties to the litigation had consented except a defendant who had been defaulted, the magistrate judge lacked jurisdiction to enter a default judgment against that defendant); Atlantic Mutual Insurance Company v. Northwest Airlines, Inc., 24 F.3d 958, 960 (7th Cir. 1994) (where all of the parties consented to the magistrate judge and the case was dismissed pursuant to a settlement agreement, the magistrate judge had the authority to rule on a motion to intervene because the proposed intervenor was not a party to the lawsuit until leave to intervene was granted).

For diversity purposes, "John Doe" and other unnamed defendants are nominal parties who do not affect federal jurisdiction. See generally Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997); Moore v. General Motors Pension

Plans, 91 F.3d 848, 850 (7th Cir. 1996). These nominal parties also should not affect the jurisdiction of a magistrate judge under Section 636(c).

Federal Rule of Civil Procedure 21 provides:

> . . . Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

A district court has broad discretion to sever a claim under Rule 21. Gaffney v. Riverboat Services of Indiana, Inc., 451 F.3d 424, 442-43 (7th Cir. 2006); Rice v. Sunrise Express, Incorporated, 209 F.3d 1008, 1016 (7th Cir. 2000). The only limitation upon this power is that the severed claim be distinct and separate from other claims. Rice, 209 F.3d at 1016. In the present case, it is clear that a distinct and separate claim exists as to Next Level Marketing, Karuna Talwar, and Sukpreet Talwar.

All of the parties have consented to the magistrate judge with the exception of Next Level Marketing, Karuna Talwar, and Sukpreet Talwar. It is in the best interests of the parties who have consented to have these three parties severed from this action. Any further proceedings involving these defendants must be conducted by the district judge. See generally Guess v. Chenault, 108 F.R.D. 446, 449 (N.D. Ind. 1985).

_____

For the foregoing reasons, Next Level Marketing, Karuna Talwar, and Sukpreet Talwar, are ORDERED SEVERED for purposes of 28 U.S.C. §636(c).

ENTERED this 22nd day of November, 2010

                                            s/ Andrew P. Rodovich
                                                United States Magistrate Judge