```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


DIRECTBUY, INC.,                )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:09 cv 84
                                )
NEXT LEVEL MARKETING, INC.,     )
KARUNA TALWAR, GURMEET W.       )
TALWAR, PARKASH TALWAR,         )
SUKPREET TALWAR,                )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Default Judgment as to All Defendants [DE 31] filed by the plaintiff, DirectBuy, Inc., on July 23, 2010, and the Motion to Reconsider or, in the Alternative to Allow Prior Answer to Stand [DE 43] filed by the defendant, Parkash Talwar, on November 11, 2010. For the following reasons, the Motion for Default is GRANTED IN PART and the Motion to Reconsider is DENIED.

Background

The plaintiff, DirectBuy, Inc., filed its initial complaint on March 30, 2009, against Next Level marketing, Karuna Talwar, Gurmeet Talwar, and Parkash Talwar, alleging that Next Level, Karuna, and Gurmeet breached certain contractual obligations concerning a franchise agreement and that Parkash defaulted on his personal guaranty. Parkash retained Larry Kienlen to repre-

sent him. Kienlen was not a member of the court, and therefore retained the services of Bullaro & Carton to act as local counsel. Parkash timely filed an answer to DirectBuy's initial complaint.

DirectBuy amended its complaint on December 1, 2009. The Amended Complaint was for the sole purpose of clarifying that the plaintiff incorrectly alleged that Gurmeet and Sukpreet were the same person. Around this time, Parkash dismissed Kienlen as counsel, and there was confusion over whether Bullaro & Carton would continue representing Parkash. No answer was filed to DirectBuy's amended complaint, and Parkash now claims that was due to the confusion over representation. On July 15, 2010, seven months after the amended complaint was filed, Parkash requested leave to file his answer and affirmative defenses to DirectBuy's amended complaint. The court denied Parkash's motion because he did not show excusable neglect for failing to respond timely to DirectBuy's amended complaint. Parkash now requests the court to reconsider its October 28, 2010 Order denying him leave to file an amended answer.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th

Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

> 56 F.3d at 828

See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Parkash's motion to reconsider does not discuss additional legal arguments, a change of law, or aspects of the case that the court overlooked.  Rather, Parkash recites the same arguments that he raised in his reply brief in support of his original motion for leave to file an amended answer.  As the court explained in its Order denying Parkash leave to file an amended answer, arguments must be raised in a party's initial brief to afford the opposing party a chance to respond to his arguments.  Therefore, the court would have considered the aspects of the case that Parkash now requests the court to consider, including the lack of prejudice plaintiffs would suffer by allowing him to file an amended answer and the fact that litigation would not be delayed, if he would have raised these issues in his initial motion for leave to amend.  However, his initial motion failed to show any reason, let alone good cause, for granting leave to amend.  "It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him."  Frietsch, 56 F.3d at 828.

In the pending motion, Parkash raises the issue of prejudice and alleges that "equitable considerations are present . . . ." (Motion, p. 4) However, he has not denied executing the personal guarantee at issue or raised any bona fide defense to the amended complaint.  Therefore, the court cannot make a finding that he was unduly prejudiced by having the answer stricken.  Because Parkash has not provided any arguments in addition to those that

could have been raised in his initial motion for leave to amend, Parkash's motion to reconsider is DENIED.

_____

For the foregoing reasons, the Motion for Default Judgment as to All Defendants [DE 31] filed by the plaintiff, DirectBuy, Inc., on July 23, 2010, is GRANTED as to defendant Parkash Talwar ONLY, and the Motion to Reconsider or, in the Alternative to Allow Prior Answer to Stand [DE 43] filed by the defendant, Parkash Talwar, on November 11, 2010, is DENIED.

ENTERED this 14th day of December, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge