```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

DIRECTBUY, INC.,                  )
                                  )
            Plaintiff             )
                                  )
        v.                        )   Case No. 2:09 cv 84
                                  )
NEXT LEVEL MARKETING, INC.,       )
KARUNA TALWAR, GURMEET W.         )
TALWAR, PARKASH TALWAR,           )
SUKPREET TALWAR,                  )
                                  )
            Defendants            )

## OPINION AND ORDER

This matter is before the court on the Motion to Vacate [DE 53] filed by the defendant, Parkash Talwar, on March 25, 2011. For the following reasons, the motion is DENIED.

## Background

The plaintiff, DirectBuy, Inc., filed a complaint against Dr. Parkash Talwar for $1,197,340.30 based on his personal guarantee of all the debts of Next Level Marketing, Inc., the former DirectBuy franchise owned by his son and daughter-in-law. Parkash answered the original complaint on June 23, 2009, but he failed to timely respond to the amended complaint DirectBuy filed on December 1, 2009. On July 15, 2010, Parkash filed a motion for leave to answer the amended complaint. The court denied his motion for failure to show good cause.

Parkash filed a motion to reconsider the court's denial of his motion for leave to answer the amended complaint on November 11, 2010. In his motion, Parkash argued that his failure to respond to the amended complaint was excusable neglect and cited to cases explaining that under Federal Rule of Civil Procedure 60(b), the court may reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The court denied his motion, explaining that his arguments for failing to respond timely to the amended complaint should have been raised in his initial motion for leave to respond to DirectBuy's complaint. The court entered a default judgment against Parkash and set this matter for a hearing on damages. Parkash now moves to vacate the hearing on damages and set aside the default judgment.

## Discussion

Parkash first argues that the hearing on damages is not ripe for determination and must be vacated. Parkash explains that DirectBuy seeks to hold him jointly and severally liable for the personal guaranty with Gurmeet Talwar. Gurmeet has not received service of process and, consequently, his liability has not been determined. Where defendants are "alleged to be jointly and

severally liable for the damages claimed . . . a damages hearing may not be held until the liability of each defendant has been resolved."  Dundee Cement v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1324 (7th Cir. 1983).  The Dundee court explained that the joint nature of the plaintiff's claim prohibited different findings of damages against all defendants and, therefore, the damage hearing could not be held until after liability of all joint defendants was determined.  Dundee, 722 F.2d at 1324 (citing In re Uranium Antritrust Litigation, 617 F.2d 1248, 1262-63 (7th Cir. 1980)).  However, the court recognized that dismissing the jointly liable defendants against whom liability had not been fixed would resolve the problem, and the damage hearing could then proceed.  Dundee, 722 F.2d at 1324.

After Parkash filed this motion, DirectBuy voluntarily dismissed Gurmeet Talwar, rendering this matter ripe for the hearing on damages.  Therefore, Parkash's motion to vacate the hearing on damages is DENIED.

Parkash also moves to set aside the default judgment entered against him, arguing that his failure to respond to DirectBuy's amended complaint was excusable neglect.  On November 11, 2010, Parkash filed a motion to reconsider the court's denial of his extension of time.  In his motion, Parkash argued that his failure to file an answer was excusable neglect and referred the

3

court to cases explaining the excusable neglect standard under Federal Rules of Civil Procedure 55 and 60. The court denied his motion, and he now effectively raises the same argument, asking the court to set aside the default judgment for excusable neglect. See Matter of Busick, 719 F.2d 922, 925 (7th Cir. 1983) (explaining that a motion for reconsideration for excusable neglect was substantively a motion to set aside the default judgment). Parkash is not entitled to three attempts to seek leave to file a responsive pleading to DirectBuy's amended complaint. The court already denied his motion for leave to file an answer and his motion to reconsider. He does not point to new law or circumstances warranting the court to reconsider its previous decisions on these motions and to allow him leave to file an answer.

Moreover, Parkash failed to show that it would be appropriate for the court to set aside the default judgment. Rule 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b)(1) allows a final order to be set aside for mistake, inadvertence, surprise, or excusable neglect. However, relief under Rule 60(b) is an "extraordinary remedy" and only given in "exceptional circumstances." Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009). The party asking to vacate an

entry of default prior to the entry of final judgment must demonstrate all of the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.  See Cracco, 559 F.3d at 630 (citing Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994)).

The aforementioned test applies to motions seeking relief from a default judgment under both Rule 55(c) and Rule 60(b). However, the standard is applied more strictly for Rule 60(b) as opposed to Rule 55(c). See generally United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989) (explaining the test "is more liberally applied in the Rule 55(c) context."). This circuit favors a policy of promoting a trial based on the merits rather than default judgments.  Cracco, 559 F.3d at 631; Sun v. Board of Trustees University of IL, 473 F.3d 799, 811 (7th Cir. 2007); C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984).

Good cause is shown if a failure to respond to the summons and complaint was through inadvertence - willfully ignoring the pending litigation will not suffice.  Cracco, 559 F.3d at 631; Passarella v. Hilton Int'l Co., 810 F.2d 674, 677 (7th Cir. 1987).  See Hood v. Menard Tactical Team, 2010 WL 1416103, *1, 2 (S.D. Ill. Apr. 1, 2010) (the court did not abuse its discretion

5

by refusing to set aside a motion to vacate because defendant's assumption that he was appointed legal representation did not constitute excusable neglect when several months passed since the entry of a default judgment and "any action" by the defaulting party), Lyons Partnership L.P. v. Welle, 2010 WL 680877, *2 (N.D. Ill. Feb. 22, 2010) (finding defendant's failure to respond to hearing because of cash flow problems and subsequent inability to retain counsel was not considered good cause to vacate default judgment), and Lauer v. Dave Kieffer Tile, Inc., 2010 WL 411870, *2 (N.D. Ind. Jan. 29, 2010) (upholding default judgment where defendant failed to show good cause because claiming that he did not know the lawsuit was against him personally and believed it was only against his company was without merit; "[s]imply stating he did not know he was personally involved is insufficient to show cause under the exacting standard of Rule 60(b)," especially considering the face of the complaint, which named him as a defendant)).

The court, on two separate occasions, has found that Parkash failed to show good cause for his delay in seeking leave to file an answer. In his reply to his original motion for leave to file an answer, Parkash argued that his failure to answer constituted excusable neglect because it was unclear whether Bullaro & Carton

would continue representation. In its October 28, 2010, Opinion and Order, the court explained:

> By its own admission, Bullaro & Carton was aware of the time constraints imposed by Rule 15 and ignored the deadline. (Deft. Memo. in Supp. p. 1)("Thereafter, counsel for Parkash Talwar exchanged telephone calls and messages, spanning over several weeks, concerning the fact that the representation situation was unsettled as an explanation as to why Parkash Talwar had not yet answered."). Bullaro & Carton do not argue that they were released as Parkash's counsel at any time, so they had a continuing duty to represent their client. They have not provided any reason why they could not have requested an extension within the deadline pending the resolution of the confusion over representation. Their failure to comply was not due to carelessness or misinterpretation of the rules. See In Matter of Plunkett, 82 F.3d 738, 742 (7th Cir. 1996)(finding that it was not excusable neglect to allow the party to amend its proof of claim where the attorney notified the court of its security interest and failed to take further action because the attorney's inaction was not based on any interpretation or plausible misinterpretation of the laws). Rather, Bullaro & Carton chose to ignore Rule 15. Rule 6 forgives parties and grants leave to amend for carelessness, not for a blatant disregard for the rules.

Bullaro & Carton willfully ignored the deadline and cannot now succeed in showing good cause for failure to timely answer DirectBuy's amended complaint. See Cracco, 559 F.3d at 631. Blatant disregard for the rules of procedure and the pending litigation falls far short of satisfying this standard.

Finally, Parkash has raised the issue of a meritorius defense for the first time in this motion. Because the Rule 55(c) standard is in the conjunctive, that argument should have been raised in the previous motions. Omitted arguments cannot be considered at this late date. See generally Hernandez v. Cook County Sheriff's Office, 634 F.3d 906, 913 (7th Cir. 2011).

_____

For the foregoing reasons, the Motion to Vacate [DE 53] filed by the defendant, Parkash Talwar, on March 25, 2011, is DENIED.

ENTERED this 5th day of May, 2011

                                                s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge